**UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| MICHAEL MARGOLIES, JR., | : | |
|     Plaintiff, | : | CIVIL CASE NO. |
| | : | 16-CV-1872 (JCH) |
| v. | : | |
| | : | |
| DARREN MILLINGTON, ET AL. | : | MAY 15, 2017 |
|     Defendants. | : | |

**RULING RE: MOTION TO DISMISS (DOC. NO. 16)**

**I.    INTRODUCTION**

Now before the court is the Motion to Dismiss the Complaint of the defendants Darren Millington ("Mr. Millington"), Courtney A. Millington ("Ms. Millington"), and William M. Agresta. Mot. to Dismiss (Doc. No. 16). The action arises from an altercation between Margolies and the defendants at a school Halloween party, and a criminal action against Margolies arising therefrom.

The defendants bring this Motion to Dismiss (Doc. No. 16) under Rules 12(b)(1) and 12(b)(6), asserting that the Amended Complaint fails to state a federal claim, and that the court lacks subject matter jurisdiction over the state claims. Defs.' Mot. to Dismiss pursuant to FRCP 12(b)(1) and 12(b)(6) (Doc. No. 16); Defs.' Mem. In Support of their Mot. to Dismiss Pursuant to FRCP 12(b)(1) and 12(b)(6) (Defs.' Mem.) (Doc. No. 17). Margolies opposes the Motion, arguing that the Amended Complaint does state a federal claim for relief, and the court should hear the state law claims under the supplemental jurisdiction statute. Br. in Opposition to Mot. to Dismiss ("Margolies' Br.") (Doc. No. 19).

For the reasons that follow, the Motion to Dismiss is **DENIED.** The court concludes that the Amended Complaint does properly state a claim under section 1983 of title 42 of the United States Code against Mr. Millington and Ms. Millington. Because the court has jurisdiction over the federal claims, and the state claims arise from the same common nexus of fact as the federal claims, the court concludes that it has supplemental jurisdiction over the state claims. See 28 U.S.C. 1367.

## II. FACTUAL ALLEGATIONS

Before the court can turn to the substance of the Motion, the court must first address the issue of which Complaint is operative. Although the Motion to Dismiss was addressed to the original Complaint, Doc. No. 1, after the Motion to Dismiss was joined, Margolies docketed an Amended Complaint. See Doc. No. 21. This Amended Complaint was docketed without permission of the court or any allegation of consent by the defendants. Margolies also made no representation as to whether he believed that the Amended Complaint mooted any of the defendants' arguments in the Motion to Dismiss.

By the same token, the defendants have not objected to the Amended Complaint, nor alerted the court that they would like to update or file a new Motion to Dismiss. Indeed, the Joint Status Report acknowledges that an Amended Complaint has been filed, and that a Motion to Dismiss is currently pending. See Joint Status Report (Doc. No. 22). The Amended Complaint only changes a single paragraph, now alleging that, during the assault, Mr. Millington told Margolies not to fight back because Mr. Millington was a police officer. Am. Compl. at ¶ 13.

Lacking any objection, and cognizant of Rule 15's command to grant leave to amend the complaint "when justice so requires," the court will construe the Amended Complaint as a Motion to Amend the Complaint, and grant it. Thus, the operative complaint is the Amended Complaint. Doc. No. 21. The court reminds counsel that, if they should desire to amend the Amended Complaint, they must request consent of the defendants or motion for leave of the court, as required by Rule 15(a). See Fed. R. Civ. P. 15(a).

The similarity of the Complaint and the Amended Complaint permits the court to analyze the Motion to Dismiss's arguments as they apply to the Amended Complaint even though the arguments were originally made against the Complaint. Compare Compl. (Doc. No. 1) with Am. Compl. (Doc. No. 21). The court will thus refer to the Amended Complaint throughout this opinion, as it is the operative Complaint.

The following factual allegations are taken from the Amended Complaint and, therefore the court will accept them as true for the purposes of the Motion to Dismiss. See Johnson v. Priceline.com, Inc., 711 F.3d 271, 275 (2d Cir. 2013) (setting forth the standard of review for a motion to dismiss).[1]

Courtney Millington is the ex-wife of the plaintiff, Michael Margolies, Jr. Am. Compl. at ¶ 8. They have three children together, and currently share joint custody of

---

[1] The defendants' Memorandum includes three pages of additional facts, though these facts are unsupported by any affidavit or sworn statement. The court does not incorporate these facts into its analysis because a motion to dismiss is decided based on the facts in the operative Complaint, not facts as alleged by the defendant. See Roth v. Jennings, 489 F.3d 499, 509 (2d Cir. 2007) (In analyzing a motion to dismiss, "the district court is normally required to look only to the allegations on the face of the complaint."); see also Friedl v. City of New York, 210 F.3d 79, 83-84 (2d Cir. 2000) ("[A] district court errs when it considers affidavits and exhibits submitted by defendants or relies on factual allegations contained in legal briefs or memoranda in ruling on a 12(b)(6) motion to dismiss.") (internal citations omitted).

them. Id. at ¶¶ 8, 10. Ms. Millington is now married to Darren Millington, who is currently an officer in the Trumbull Police Department. Id. at ¶ 4. On October 30, 2015, Margolies and the defendants, as well as the three children, were at a Halloween party at the Daniels Farm Elementary School in Trumbull, Connecticut. Id. at ¶ 11. Margolies attempted to leave the party with his children, but Mr. Millington grabbed Margolies, put Margolies in a headlock, and then proceeded, with the assistance of Ms. Millington and Agresta, to beat and kick him. Id. at ¶ 13. During this, Mr. Millington told Margolies, "You know who I am. You know I'm a police officer. Don't fight back." Id.

After this incident, the three defendants together filed sworn statements with the Trumbull police, accusing Margolies of assaulting Ms. Millington and endangering the children. Id. at ¶ 14. On the basis of these statements, Margolies was arrested for risk of injury to a minor, assault in the third degree, and breach of peace. Id. at 15. All of these charges were dismissed on September 29, 2016. Id. at 16.

The Amended Complaint alleges that Mr. and Ms. Millington together subjected Margolies to unreasonable force in violation of the Fourth Amendment, as enforceable through section 1983 of title 42 of the United States Code. Id. at 19. It further alleges that Mr. Millington subjected Margolies to malicious prosecution in violation of the Fourth Amendment, as enforceable through section 1983. Id. at 20. Finally, the Amended Complaint alleges that all of the defendants subjected Margolies to assault and battery, defamation, malicious prosecution, intentional infliction of emotional distress, and negligent infliction of emotional distress, all in violation of Connecticut law. Id. at ¶¶ 21-25.

4

## III. LEGAL STANDARD

In reviewing a Motion to Dismiss pursuant to Rule 12(b)(6), the court "accept[s] all factual allegations as true and draw[s] all reasonable inferences in favor of the plaintiff." Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt., 843 F.3d 561, 566 (2d Cir. 2016) (citing City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG, 752 F.3d 173, 179 (2d Cir. 2014)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" In re Actos End-Payor Antitrust Litig., 848 F.3d 89, 97 (2d Cir. 2017) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. The court is not bound to accept as true legal conclusions. Id.

## IV. DISCUSSION

### A. Amended Complaint States a Federal Claim against Darren Millington

The necessary elements of a section 1983 violation are: "(1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprive a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Parratt v. Taylor, 451 U.S. 527, 535 (1981) overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986). The defendants argue that the Amended Complaint fails to state a claim under section 1983 of title 42 of the United States Code against Mr. Millington. Defs.' Mem. at 7-10.

The determination of whether an officer was acting under color of law is more nuanced than whether the officer was wearing his uniform or on duty; instead it is

determined by reference to the "nature of the officer's act, not simply his duty status." Pitchell v. Callan, 13 F.3d 545, 548 (2d Cir. 1994). Any act that was not under the pretense of law, but was instead "within the ambit of [the officer's] personal pursuits" cannot be considered under color of law. Id. (citing Screws v. United States, 325 U.S. 91, 111 (1945)).

Thus, the central concern is with the use of "power possessed by virtue of state law," and constitutional violations "made possible only because the wrongdoer is clothed with the authority of state law." Monsky v. Moraghan, 127 F.3d 243, 245 (2d Cir. 1997). Even if the underlying event occurred while the officer was off-duty and engaged in his private affairs, the officer's acts can be described as under color of law if the officer used the authority of the state in connection with the event. Jocks v. Tavernier, 316 F.3d 128, 134 (2d Cir. 2003) (determining that an officer acted under of color of law when he identified himself as a police officer and used his service weapon during a roadside argument). The ultimate question is whether the defendant abused the power of the state, regardless of whether the defendant's ultimate aim was personal or official. See United States v. Giordano, 442 F.3d 30, 43-44 (2d Cir. 2006) ("[W]e have found that officials acted under color of law when their misuse of official power made the commission of a constitutional wrong possible, even though the official committed abusive acts for personal reasons far removed from the scope of official duties.").

The specific facts of Pitchell inform the boundary between acts which are purely personal and those which are done with the authority of the state. In that matter, an off-duty police officer shot a civilian with his personal weapon, but police-issued

6

ammunition, during a political dispute. Id. at 546. The court determined that the officer, in the use of his personal weapon in his own home, did not invoke the authority of the police department. Id. at 548. Mr. Millington asserts that the original Complaint offered no facts to show that he invoked the authority of the police department, and therefore he did not act under color of state law. Defs.' Mem. at 10.

The Complaint as amended, however, makes specific allegations that Mr. Millington told Margolies, "You know who I am. You know I'm a police officer. Don't fight back." Am. Compl. at ¶ 13. These facts, if proven, clearly allege that Mr. Millington invoke the authority of the state in his altercation with Margolies. Accepting the facts in the Amended Complaint as true, and making all inferences favorable to the plaintiff, the Amended Complaint makes factual allegations that support the claim that Mr. Millington invoked the authority of the state during the altercation to further incapacitate Margolies by informing him not to resist because he was an officer, and therefore acted under color of state law. Id.; see Iqbal, 556 U.S. at 678. Under Connecticut law, self-defense is not justification for resisting arrest by a peace officer, regardless of the legality of the arrest and so, by allegedly invoking the power of the state, Mr. Millington effectively prevented Margolies from defending himself without subjecting himself to further charges. Conn. Gen. Stat. §53a-23; see State v. Nelson, 144 Conn. App. 678, 69 (2013) ("Under our self-defense statute, General Statutes § 53a-23, the illegality of an arrest is not a defense to a charge of interfering with an officer pursuant to § 53-167a.").

Because the Amended Complaint adequately states a claim that Mr. Millington acted under color of law in the dispute at the Halloween party, the defendants' Motion to Dismiss the federal claims against Mr. Millington is denied.

7

B. Amended Complaint States a Federal Claim Against Courtney Millington

The defendants also assert that the Amended Complaint fails to state a claim as to Ms. Millington because it fails to allege that she was acting under color of law. Defs.' Mem. at 10-12. Ms. Millington was never employed as a police officer, and the only relationship she had to state authority is through her husband, Mr. Millington. See Am. Compl. at 4-5 (alleging that, although Ms. Millington was a civilian, she had a relationship of power, influence and authority over Mr. Millington that she was acting under color of law). Thus, in order for the Amended Complaint to properly state a claim against Ms. Millington, it must contain sufficient factual allegations to allow for the plausible inference that she too was acting under color of state law. See Parratt, 451 U.S. at 535.

Section 1983 of title 42 of the United States Code "imposes liability on anyone who, under color of state law, deprives a person 'of any rights, privileges, or immunities secured by the Constitution and laws.'" K & A Radiologic Tech. Servs., Inc. v. Comm'r of Dep't of Health, 189 F.3d 273, 280 (2d Cir. 1999) (internal citation omitted). This includes private actors, so long as they "jointly engaged with state officials in the challenged action." Dennis v. Sparks, 449 U.S. 24, 27-28 (1980). The court must determine whether Ms. Millington acted jointly with Mr. Millington in his use of state power, such that she can properly be described as acting under color of state law. See Brentwood Academy v. Tennessee Secondary School Athletic Ass'n, 531 U.S. 288, 295-96 (2001) (acknowledging that the determination of whether "seemingly private behavior" can be properly attributed to the state is "a matter of normative judgment" made with "criteria [that] lack rigid simplicity.").

The Amended Complaint only alleges two relevant facts with regards to the federal claim that Ms. Millington subjected Margolies to unreasonable force in violation of his rights under the Fourth Amendment. Am. Compl. at ¶ 19. First, the Amended Complaint states that Mr. Millington and Ms. Millington were married, and by virtue of that relationship, Ms. Millington exercised power, influence and authority over Mr. Millington. Am. Compl. at ¶¶ 4-5. Second, the Amended Complaint states that Mr. and Ms. Millington were at the Halloween party on the evening of October 30, 2015, and together kicked, beat, and assaulted Margolies. Am. Compl. at ¶¶ 11, 13. The Amended Complaint also states that, "the defendants acted jointly and in concert with each other," but this is a legal conclusion, and as such the court is not bound to accept it for the purposes of determining the Motion to Dismiss. Iqbal, 556 U.S. at 678.

Viewing the allegations in the Amended Complaint in the light most favorable to Margolies, and drawing all inferences in his favor, the Amended Complaint does state a claim against Ms. Millington. See Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt., 843 F.3d 561, 566 (2d Cir. 2016). The factual allegations, barebones as they are, allege that Mr. Millington invoked his state authority in the assault of Margolies, and that Ms. Millington acted jointly with Mr. Millington in that assault. This is not Ginsberg v. Healey Car & Truck Leasing, where the private party's act consisted of requesting police assistance and informing the police of the background of the incident. 189 F.3d 268, 271-72 (2d Cir. 1999). The Amended Complaint alleges that Ms. Millington actively joined with Mr. Millington in his use of state power to beat and kick Margolies and as such, states a claim under section 1983 of title 42 of the United States Code.

### C. Court Will Exercise Supplemental Jurisdiction Over the State Claims

Finally, the defendants argue that the court does not have subject matter jurisdiction over Agresta because no federal claims are brought against him. Defs.' Mem. at 13. The defendants further argue that the court should not exercise pendant jurisdiction, without mentioning the relevant jurisdictional statute. Id. at 14. This court has subject matter jurisdiction over "all claims that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." 28 U.S.C. § 1367(a).

The court has determined that the Amended Complaint plausibly alleges federal claims against Mr. and Ms. Millington. The state claims against Mr. and Ms. Millington, as well as Mr. Agresta, all arise from a "common nucleus of operative fact" such that it is clear that they are part of the same case or controversy. See Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc., 373 F.3d 296, 308 (2d Cir. 2004) (explaining that a common nucleus of operative fact can exist "even if the state law claim is asserted against a party different from the one named in the federal claim."). All three defendants are alleged to have been involved in beating Margolies, and all three defendants are alleged to have given statements that led to his arrest. Am. Compl. at ¶¶ 13-15. Thus, the court has subject matter jurisdiction over the state claims under section 1367(a). The defendants make no arguments why the court should decline to exercise this jurisdiction under section 1367(c). See Defs.' Mem. at 13-14.

The defendants' Motion does not reference section 1367, and therefore provides no reasons why the court should decline to exercise supplemental jurisdiction under section 1367(c). 28 U.S.C. § 1367(c). The court does not find that any of the reasons should not exercise its subject matter jurisdiction over the defendants, the Motion to Dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) is denied.

V.  **CONCLUSION**

For the foregoing reasons, the defendants' Motion to Dismiss (Doc. No. 16) is **DENIED**.

**SO ORDERED**.

Dated at New Haven, Connecticut this 15th day of May, 2017.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge